# EXHIBIT 1

## CITATION – TRC 99 and 106

THE STATE OF TEXAS                                          COUNTY OF DENTON

### CAUSE NO. 22-2239-467

**TO: DTV Arms, LLC, Registered Agent:  Christopher W. Caldwell, 150 3rd Avenue South, Suite 1700, Nashville, TN 37201 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| | |
|---|---|
| Court: | 467th Judicial District Court<br>1450 E. McKinney, 2nd Floor, Denton, TX 76209 |
| Cause No.: | 22-2239-467 |
| Date of Filing: | March 21, 2022 |
| Document: | Plaintiffs' Original Petition |
| Parties in Suit: | US Trinity Defense, LLC; DTV Arms, LLC; Charles Kirksey; Kris Paulson |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | T. Micah Dortch<br>2911 Turtle Creek Blvd., Suite 1000, Dallas, TX 75219 |

Issued under my hand and seal of this said court on this the 23rd day of March, 2022.

David Trantham, District Clerk
Denton County, Texas

BY: _____, Deputy
Kari Stern

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the  within named _____
in  person  a true copy of this citation, with attached copy(ies) of the Plaintiffs' Original Petition, at
_____ _____.

Service Fee: $ _____                    _____ Sheriff/Constable
                                               _____ County, Texas

Service ID No. _____                 _____
                                               Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me
to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20___
                                               _____ Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 62883594
Status as of 3/23/2022 2:18 PM CST

Associated Case Party: US Trinity Defense, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Timothy MicahDortch | | mdortch@potts-law.com | 3/23/2022 2:17:20 PM | SENT |
| Luisa Ulluela | | lulluela@potts-law.com | 3/23/2022 2:17:20 PM | SENT |

Served via eFile.TXCourts.gov on
3/23/2022 2:17 PM

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                             COUNTY OF DENTON

**CAUSE NO. 22-2239-467**

**TO: Kris Paulson, Registered Agent: Christopher W. Caldwell, 150 3rd Avenue South, Suite 1700, Nashville, TX 37201 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| | |
|---|---|
| Court: | 467th Judicial District Court<br>1450 E. McKinney, 2nd Floor, Denton, TX 76209 |
| Cause No.: | 22-2239-467 |
| Date of Filing: | March 21, 2022 |
| Document: | Plaintiffs' Original Petition |
| Parties in Suit: | US Trinity Defense, LLC; DTV Arms, LLC; Charles Kirksey; Kris Paulson |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | T. Micah Dortch<br>2911 Turtle Creek Blvd., Suite 1000, Dallas, TX 75219 |

Issued under my hand and seal of this said court on this the 23rd day of March, 2022.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____ , Deputy
Kari Stern

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____

in person a true copy of this citation, with attached copy(ies) of the Plaintiffs' Original Petition, at

_____ _____.

Service Fee: $ _____

_____ Sheriff/Constable
_____ County, Texas

Service ID No. _____

_____
Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___

_____ Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 62883594
Status as of 3/23/2022 2:18 PM CST

Associated Case Party: US Trinity Defense, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Timothy MicahDortch | | mdortch@potts-law.com | 3/23/2022 2:17:20 PM | SENT |
| Luisa Ulluela | | lulluela@potts-law.com | 3/23/2022 2:17:20 PM | SENT |

David Trantham
Denton County District Clerk
By: Jennifer Croy, Deputy

22-2239-467

CAUSE NO. _____

| | | |
|---|---|---|
| US TRINITY DEFENSE, LLC and CHARLES KIRKSEY, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| | § | ____ JUDICIAL DISTRICT OF |
| V. | § § | |
| | § | |
| DTV ARMS, LLC AND KRIS PAULSON, | § § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, US Trinity Defense, LLC and Charles Kirksey ("Plaintiffs"), and file this, its Original Petition against DTV Arms, LLC and Kris Paulson ("Defendants"), and in support thereof would respectfully show the Court as follows:

#### Discovery Level

1.      Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs intend that discovery in this case be conducted under level 3, as the monetary relief requested is more than $50,000.

#### TRCP 47 Allegation

2.      Plaintiffs further allege that it is seeking monetary relief over $50,000 but not more than $1,000,000.

#### Parties, Jurisdiction, and Venue

3.      Plaintiff US Trinity Defense, LLC is a Texas limited liability company with its principal place of business in Denton County, Texas.

4.      Defendant DTV Arms, LLC ("DTV") is a Texas limited liability company that will be served with process by serving its attorney of record Christopher W. Cardwell, 150 3rd Avenue South, Suite 1700, Nashville, Tennessee 37201.

5.      Defendant Kris Paulson ("Paulson") in an individual residing in Tennessee and can be served with process by serving his attorney of record Christopher W. Cardwell, 150 3rd Avenue South, Suite 1700, Nashville, Tennessee 37201.

6.      This Court has jurisdiction over the persons and subject matter in this lawsuit, and venue is proper in Denton County as that is where Plaintiff U.S. Trinity was located when one of the agreements at issue was agreed to.

## Background Facts

7.      Defendant DTV entered into an agreement with Plaintiff US Trinity that if Mr. Paulson was able to purchase Mr. Kirksey's interest in DTV, then there would be no enforcement of a purported non-competition agreement.  Said purchase of interest was completed and Plaintiff employed Mr. Kirksey based upon the representations and agreement of Mr. Paulson.  Despite said agreement, Mr. Paulson and DTV now assert that Mr. Kirksey is violating a purported non-competition agreement.

8.      In addition to the agreement with Plaintiffs, Paulson's agreement with Kirksey to purchase the interests of DTV contained a provision that superseded all prior agreements between Paulson and Kirksey.  Despite said agreements, DTV and Paulson still are trying to assert a prohibition against competition which was contracted away.

9.      Finally, assuming arguendo that there was a non-competition agreement in effect, the provisions of such an agreement are not enforceable under the law. Said provisions are

unreasonable and essentially prohibit Mr. Kirksey from working in the arms business anywhere in the world, much less the United States.

### First Cause of Action - Breach of Contract (Oral)

10.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

11.     Defendants have breached its contract with Plaintiffs by attempting to enforce a purported non-competition agreement that Defendants agreed to waive.

12.     Defendants' breach has proximately damaged Plaintiffs in an amount to be determined at the trial of this matter.

13.     Plaintiffs have performed all conditions precedent.

### Second Cause of Action –Breach of Contract (Written)

14.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

15.     Kirksey and Paulson had an agreement wherein all prior agreements between the two parties were superseded by the new agreement.

16.     Despite the wording of the new agreement, Defendants are attempting to enforce a purported non-competition agreement that was within an old agreement causing damages to Kirksey.

17.     Plaintiffs performed all conditions precedent.

### Third Cause of Action – Declaratory Judgment

18.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

19.     Plaintiffs seek a declaration from the Court that the non-competition agreement sought to be enforced by the Defendants in non-enforceable under the laws of the State of Texas nor Tennessee.

## Attorneys' Fees

20.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

21.     Defendants' breach of contract and negligence has caused Plaintiffs to have to hire the undersigned attorney to protect its rights in this matter. Plaintiffs are entitled to a judgment for its reasonable attorney's fees incurred in this matter from Defendants under the provisions of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs US Trinity Defense, LLC and Charles Kirksey respectfully pray that upon final hearing hereof, Plaintiffs be granted judgment against Defendants for the following:

a.      Its actual damages in a sub to be determined;

b.      Pre- and post-judgment interest at the maximum rate allowed by law;

c.      Its reasonable attorneys' fees and costs of Court; and,

d.      For such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Dated: March 21, 2022                    Respectfully submitted,

**POTTS LAW FIRM, LLP**

*/s/ T. Micah Dortch*
Timothy Micah Dortch
State Bar No. 24044981
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
Tel:  (214) 396-9427
Fax: (469) 217-8296
mdortch@potts-law.com

**COUNSEL FOR PLAINTIFFS**

# EXHIBIT 2

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| US TRINITY DEFENSE, LLC and CHARLES KIRKSEY | DTV ARMS, LLC and KRIS PAULSON |

| (b)  County of Residence of First Listed Plaintiff   Denton County, Texas | County of Residence of First Listed Defendant   Sumner County, TN |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| T. Micah Dortch, POTTS LAW FIRM, LLP, 2911 Turtle Creek Blvd., Suite 1000, Dallas, TX 75219, 214-396-9427 | Stafford Brantley, WICK PHILLIPS, 100 Throckmorton Street, Suite 1500, Fort Worth, Texas 76102 (817) 332-7788 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 - Diversity

Brief description of cause:
Breach of oral contract, breach of written contract, declaratory judgment

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
$50,000 - $1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
April 14, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Stafford P. Brantley

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **US TRINITY DEFENSE, LLC and** | § | |
| **CHARLES KIRKSEY,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **Civil Action No. 4:22-cv-314** |
| | § | |
| **DTV ARMS, LLC and KRIS PAULSON,** | § | |
| | § | |
| *Defendants*. | § | |

**LIST OF PARTIES AND CASE STATUS**

Pursuant to Local Rule CV-81(c)(1), Defendants DTV Arms, LLC and Kris Paulson hereby files this list of parties and case status.

**Plaintiffs**

US Trinity Defense LLC

Charles Kirksey

**Defendants**

DTV Arms, LLC

Kris Paulson

**Case Status**

The removed case was currently pending in the 467th Judicial District of Denton County, Texas.   Defendants will answer and file their Counterclaim and Motion for a Preliminary Injunction by April 18, 2022.

Dated: April 14, 2022

Respectfully submitted,

*/s/ Stafford P. Brantley*
Brant C. Martin
State Bar No. 24002529
brant.martin@wickphillips.com
Stafford P. Brantley
State Bar No. 24104774
stafford.brantley@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: (817) 332-7788
Facsimile: (817) 332-7789

Christopher W. Cardwell (*pro hac vice forthcoming*)
Tennessee Bar No. 19751
Illinois Bar No. 6242641
Missouri Bar No. 49583
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
ccardwell@gsrm.com

Mary Taylor Gallagher (*pro hac vice forthcoming*)
Tennessee Bar No. 21482
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
mtgallagher@gsrm.com

Hilary C. Dennen (*pro hac vice forthcoming*)
Tennessee Bar No. 35983
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
hdennen@gsrm.com

**ATTORNEYS FOR DTV ARMS, LLC and KRIS PAULSON**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.  The party or parties served are as follows:

Timothy Micah Dortch
**Potts Law Firm, LLP**
2911 Turtle Creek Blvd., Suite 1000
Dallas, Texas 75219
Telephone No. (214) 396-9427
mdortch@potts-law.com

*Attorney for Charles Kirksey and*
*U.S. Trinity Defense, LLC*

*/s/ Stafford P. Brantley*
Stafford P. Brantley

# EXHIBIT 4

467TH JUDICIAL DISTRICT COURT

# CASE SUMMARY

CASE NO. 22-2239-467

| | |
|---|---|
| US Trinity Defense, LLC and Charles Kirksey V. DTV Arms, LLC and Kris Paulson    § § § § | Location: **467th Judicial District Court**<br>Judicial Officer: **Jones, Derbha H.**<br>Filed on: **03/21/2022** |

---

## CASE INFORMATION

Case Type: **Contract: Other**

Case Status: **03/21/2022   Active**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 22-2239-467 |
| Court | 467th Judicial District Court |
| Date Assigned | 03/21/2022 |
| Judicial Officer | Jones, Derbha H. |

---

## PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Kirksey, Charles** | **Dortch, Timothy Micah**<br>*Retained*<br>*469-217-8296(F)*<br>*214-396-9427(W)*<br>*2911 Turtle Creek BLVD*<br>*STE 1000*<br>*Dallas, TX 75219* |
| | **Law, Potts** | **Pro Se**<br>*N/A*<br>*N/A*<br>*Houston, TX 11111* |
| | **US Trinity Defense, LLC** | **Dortch, Timothy Micah**<br>*Retained*<br>*469-217-8296(F)*<br>*214-396-9427(W)*<br>*2911 Turtle Creek BLVD*<br>*STE 1000*<br>*Dallas, TX 75219* |
| **Defendant** | **DTV Arms, LLC** | |
| | **Paulson, Kris** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 03/21/2022 | 📄 Plaintiff's Original Petition |
| 03/23/2022 | 📄 Request for Issuance of *Citations*<br>Made by:  Plaintiff  US Trinity Defense, LLC;  Plaintiff  Kirksey, Charles |
| 03/23/2022 | **Citation**<br>📄 DTV Arms, LLC<br>Served:  03/25/2022<br>Return Date/Time: 04/04/2022 |



*Printed on 04/07/2022 at 1:50 P.*

**467TH JUDICIAL DISTRICT COURT**
# CASE SUMMARY
**CASE NO. 22-2239-467**

|  | |
|---|---|
| | Paulson, Kris |
| | Served: 03/25/2022 |
| | Return Date/Time: 04/04/2022 |
| | *e served in envelope # 62883594* |
| 04/04/2022 | Service Returned |
| | *Citation to DTV Arms, LLC* |
| | For: Defendant DTV Arms, LLC |
| 04/04/2022 | Service Returned |
| | *Citation to Kris Paulson* |
| | For: Defendant Paulson, Kris |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **Plaintiff** US Trinity Defense, LLC | | |
| | Total Charges | | 366.00 |
| | Total Payments and Credits | | 366.00 |
| | **Balance Due as of 04/07/2022** | | **0.00** |
| 03/22/2022 | Charge | Plaintiff US Trinity Defense, LLC | 350.00 |
| 03/22/2022 | TexFile Payment   Receipt # 2022-8195 | Plaintiff US Trinity Defense, LLC | (213.00) |
| 03/22/2022 | Credit | Plaintiff US Trinity Defense, LLC | (137.00) |
| 03/23/2022 | Charge | Plaintiff US Trinity Defense, LLC | 16.00 |
| 03/23/2022 | TexFile Payment   Receipt # 2022-8329 | Plaintiff US Trinity Defense, LLC | (16.00) |



CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
**DAVID TRANTHAM**
DENTON COUNTY DISTRICT CLERK
Deputy Clerk
4/7/22
Date
By

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **US TRINITY DEFENSE, LLC and** | § | |
| **CHARLES KIRKSEY,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-314** |
| | § | |
| **DTV ARMS, LLC and KRIS PAULSON,** | § | |
| | § | |
| *Defendants*. | § | |

**APPENDIX OF ALL PROCESS, PLEADINGS, AND ORDERS SERVED UPON**
**DEFENDANTS IN THE STATE COURT ACTION**

App. #1    Summons to DTV Arms, LLC
App. #2    Summons to Kris Paulson
App. #3    Complaint, *US Trinity Defense, LLC and Charles Kirksey v. DTV Arms, LLC and Kris Paulson,* Cause No. 22-2239-467 ("State Court Action")

Dated: April 14, 2022                Respectfully submitted,

                                     /s/ Stafford P. Brantley
                                     Brant C. Martin
                                     State Bar No. 24002529
                                     brant.martin@wickphillips.com
                                     Stafford P. Brantley
                                     State Bar No. 24104774
                                     stafford.brantley@wickphillips.com
                                     **WICK PHILLIPS GOULD & MARTIN, LLP**
                                     100 Throckmorton Street, Suite 1500
                                     Fort Worth, Texas 76102
                                     Telephone: (817) 332-7788
                                     Facsimile: (817) 332-7789

                                     Christopher W. Cardwell (*pro hac vice forthcoming*)
                                     Tennessee Bar No. 19751
                                     Illinois Bar No. 6242641
                                     Missouri Bar No. 49583
                                     GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
                                     150 Third Avenue South, Suite 1700
                                     Nashville, Tennessee 37201
                                     Telephone No. (615) 244-4994
                                     ccardwell@gsrm.com

Mary Taylor Gallagher (*pro hac vice forthcoming*)
Tennessee Bar No. 21482
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
mtgallagher@gsrm.com

Hilary C. Dennen (*pro hac vice forthcoming*)
Tennessee Bar No. 35983
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
hdennen@gsrm.com

**ATTORNEYS FOR DTV ARMS, LLC and KRIS PAULSON**

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Timothy Micah Dortch
**Potts Law Firm, LLP**
2911 Turtle Creek Blvd., Suite 1000
Dallas, Texas 75219
Telephone No. (214) 396-9427
mdortch@potts-law.com

*Attorney for Charles Kirksey and
U.S. Trinity Defense, LLC*

/s/ Stafford P. Brantley
Stafford P. Brantley

# APP. #1

Filed: TXCourts.gov on
3/23/2022 2:17 PM

# CITATION –TRC 99 and 106

THE STATE OF TEXAS                                                    COUNTY OF DENTON

### CAUSE NO. 22-2239-467

**TO: DTV Arms, LLC, Registered Agent:  Christopher W. Caldwell, 150 3ʳᵈ Avenue South, Suite 1700, Nashville, TN 37201 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| Court: | 467th Judicial District Court<br>1450 E. McKinney, 2nd Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 22-2239-467 |
| Date of Filing: | March 21, 2022 |
| Document: | Plaintiffs' Original Petition |
| Parties in Suit: | US Trinity Defense, LLC; DTV Arms, LLC; Charles Kirksey; Kris Paulson |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | T. Micah Dortch<br>2911 Turtle Creek Blvd., Suite 1000, Dallas, TX 75219 |

Issued under my hand and seal of this said court on this the 23rd day of March, 2022.

David Trantham, District Clerk
Denton Denton County, Texas

BY: _____ , Deputy
Kari Stern

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____
in  person  a true copy of this citation, with attached copy(ies) of the Plaintiffs' Original Petition, at
_____ _____ .

Service Fee: $ _____

_____ Sheriff/Constable
_____ County, Texas

Service ID No. _____

_____
Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20___
_____ Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 62883594
Status as of 3/23/2022 2:18 PM CST

Associated Case Party: US Trinity Defense, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Timothy MicahDortch | | mdortch@potts-law.com | 3/23/2022 2:17:20 PM | SENT |
| Luisa Ulluela | | lulluela@potts-law.com | 3/23/2022 2:17:20 PM | SENT |

# APP. #2

Served via eFile.TXCourts.gov on
3/23/2022 2:17 PM

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                 COUNTY OF DENTON

**CAUSE NO. 22-2239-467**

**TO: Kris Paulson, Registered Agent: Christopher W. Caldwell, 150 3rd Avenue South, Suite 1700, Nashville, TX 37201 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| | |
|---|---|
| Court: | 467th Judicial District Court<br>1450 E. McKinney, 2nd Floor, Denton, TX 76209 |
| Cause No.: | 22-2239-467 |
| Date of Filing: | March 21, 2022 |
| Document: | Plaintiffs' Original Petition |
| Parties in Suit: | US Trinity Defense, LLC; DTV Arms, LLC; Charles Kirksey; Kris Paulson |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | T. Micah Dortch<br>2911 Turtle Creek Blvd., Suite 1000, Dallas, TX 75219 |

Issued under my hand and seal of this said court on this the 23rd day of March, 2022.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy
Kari Stern

---

### Service Return

Came to hand on the _____ day of _____, 20___, at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____
in person a true copy of this citation, with attached copy(ies) of the Plaintiffs' Original Petition, at

_____ _____.

Service Fee: $ _____

_____ Sheriff/Constable
_____ County, Texas

Service ID No. _____

_____
Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20___
_____ Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 62883594
Status as of 3/23/2022 2:18 PM CST

Associated Case Party: US Trinity Defense, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Timothy MicahDortch | | mdortch@potts-law.com | 3/23/2022 2:17:20 PM | SENT |
| Luisa Ulluela | | lulluela@potts-law.com | 3/23/2022 2:17:20 PM | SENT |

# APP. #3

David Trantham
Denton County District Clerk
By: Jennifer Croy, Deputy

22-2239-467

CAUSE NO. _____

| | | |
|---|---|---|
| US TRINITY DEFENSE, LLC and CHARLES KIRKSEY, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| | § | ____ JUDICIAL DISTRICT OF |
| V. | § § | |
| DTV ARMS, LLC AND KRIS PAULSON, | § § § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, US Trinity Defense, LLC and Charles Kirksey ("Plaintiffs"), and file this, its Original Petition against DTV Arms, LLC and Kris Paulson ("Defendants"), and in support thereof would respectfully show the Court as follows:

### Discovery Level

1.      Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs intend that discovery in this case be conducted under level 3, as the monetary relief requested is more than $50,000.

### TRCP 47 Allegation

2.      Plaintiffs further allege that it is seeking monetary relief over $50,000 but not more than $1,000,000.

### Parties, Jurisdiction, and Venue

3.      Plaintiff US Trinity Defense, LLC is a Texas limited liability company with its principal place of business in Denton County, Texas.

**PLAINTIFFS' ORIGINAL PETITION** - Page **1** of 4

4.      Defendant DTV Arms, LLC ("DTV") is a Texas limited liability company that will be served with process by serving its attorney of record Christopher W. Cardwell, 150 3rd Avenue South, Suite 1700, Nashville, Tennessee 37201.

5.      Defendant Kris Paulson ("Paulson") in an individual residing in Tennessee and can be served with process by serving his attorney of record Christopher W. Cardwell, 150 3rd Avenue South, Suite 1700, Nashville, Tennessee 37201.

6.      This Court has jurisdiction over the persons and subject matter in this lawsuit, and venue is proper in Denton County as that is where Plaintiff U.S. Trinity was located when one of the agreements at issue was agreed to.

**Background Facts**

7.      Defendant DTV entered into an agreement with Plaintiff US Trinity that if Mr. Paulson was able to purchase Mr. Kirksey's interest in DTV, then there would be no enforcement of a purported non-competition agreement.  Said purchase of interest was completed and Plaintiff employed Mr. Kirksey based upon the representations and agreement of Mr. Paulson.  Despite said agreement, Mr. Paulson and DTV now assert that Mr. Kirksey is violating a purported non-competition agreement.

8.      In addition to the agreement with Plaintiffs, Paulson's agreement with Kirksey to purchase the interests of DTV contained a provision that superseded all prior agreements between Paulson and Kirksey.  Despite said agreements, DTV and Paulson still are trying to assert a prohibition against competition which was contracted away.

9.      Finally, assuming arguendo that there was a non-competition agreement in effect, the provisions of such an agreement are not enforceable under the law. Said provisions are

**PLAINTIFFS' ORIGINAL PETITION - Page 2 of 4**

unreasonable and essentially prohibit Mr. Kirksey from working in the arms business anywhere in the world, much less the United States.

### First Cause of Action - Breach of Contract (Oral)

10.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

11.     Defendants have breached its contract with Plaintiffs by attempting to enforce a purported non-competition agreement that Defendants agreed to waive.

12.     Defendants' breach has proximately damaged Plaintiffs in an amount to be determined at the trial of this matter.

13.     Plaintiffs have performed all conditions precedent.

### Second Cause of Action –Breach of Contract (Written)

14.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

15.     Kirksey and Paulson had an agreement wherein all prior agreements between the two parties were superseded by the new agreement.

16.     Despite the wording of the new agreement, Defendants are attempting to enforce a purported non-competition agreement that was within an old agreement causing damages to Kirksey.

17.     Plaintiffs performed all conditions precedent.

### Third Cause of Action – Declaratory Judgment

18.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

19.     Plaintiffs seek a declaration from the Court that the non-competition agreement sought to be enforced by the Defendants in non-enforceable under the laws of the State of Texas nor Tennessee.

**Attorneys' Fees**

20.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

21.     Defendants' breach of contract and negligence has caused Plaintiffs to have to hire the undersigned attorney to protect its rights in this matter. Plaintiffs are entitled to a judgment for its reasonable attorney's fees incurred in this matter from Defendants under the provisions of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs US Trinity Defense, LLC and Charles Kirksey respectfully pray that upon final hearing hereof, Plaintiffs be granted judgment against Defendants for the following:

   a.     Its actual damages in a sub to be determined;

   b.     Pre- and post-judgment interest at the maximum rate allowed by law;

   c.     Its reasonable attorneys' fees and costs of Court; and,

   d.     For such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Dated: March 21, 2022                          Respectfully submitted,

                                               **POTTS LAW FIRM, LLP**

                                               */s/ T. Micah Dortch*
                                               Timothy Micah Dortch
                                               State Bar No. 24044981
                                               2911 Turtle Creek Blvd, Suite 1000
                                               Dallas, Texas 75219
                                               Tel:  (214) 396-9427
                                               Fax: (469) 217-8296
                                               mdortch@potts-law.com

                                               **COUNSEL FOR PLAINTIFFS**

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **US TRINITY DEFENSE, LLC and** | § | |
| **CHARLES KIRKSEY,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-314** |
| | § | |
| **DTV ARMS, LLC and KRIS PAULSON,** | § | |
| | § | |
| *Defendants*. | § | |

## LISTING OF ATTORNEYS INVOLVED IN THE ACTION

Pursuant to Local Rule CV-81(c)(3), Defendants DTV Arms, LLC and Kris Paulson hereby file this a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney.

**Attorney for Plaintiffs Charles Kirksey and US Trinity Defense, LLC**

> Timothy Micah Dortch
> State Bar No. 24044981
> Potts Law Firm, LLP
> 2911 Turtle Creek Blvd, Suite 1000
> Dallas, Texas 75219
> Telephone No. (214) 396-9427

**Attorneys for Defendant DTV Arms, LLC and Kris Paulson**

> Brant C. Martin
> **WICK PHILLIPS GOULD & MARTIN, LLP**
> State Bar No. 24002529
> 100 Throckmorton Street, Suite 1500
> Fort Worth, Texas 76102
> Telephone No: (817) 332-7788
> Facsimile: (817) 332-7789

> Stafford P. Brantley
> **WICK PHILLIPS GOULD & MARTIN, LLP**
> State Bar No. 24104774
> 100 Throckmorton Street, Suite 1500
> Fort Worth, Texas 76102
> Telephone: (817) 332-7788
> Facsimile: (817) 332-7789

Christopher W. Cardwell (*pro hac vice forthcoming*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
Tennessee Bar No. 19751
Illinois Bar No. 6242641
Missouri Bar No. 49583
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994

Mary Taylor Gallagher (*pro hac vice forthcoming*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
Tennessee Bar No. 21482
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994

Hilary C. Dennen (*pro hac vice forthcoming*)
Tennessee Bar No. 35983
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
hdennen@gsrm.com

Dated: April 14, 2022                    Respectfully submitted,

                                         /s/ Stafford P. Brantley
                                         Brant C. Martin
                                         State Bar No. 24002529
                                         brant.martin@wickphillips.com
                                         Stafford P. Brantley
                                         State Bar No. 24104774
                                         stafford.brantley@wickphillips.com
                                         WICK PHILLIPS GOULD & MARTIN, LLP
                                         100 Throckmorton Street, Suite 1500
                                         Fort Worth, Texas 76102
                                         Telephone: (817) 332-7788
                                         Facsimile: (817) 332-7789

                                         Christopher W. Cardwell (*pro hac vice forthcoming*)
                                         Tennessee Bar No. 19751
                                         Illinois Bar No. 6242641
                                         Missouri Bar No. 49583
                                         GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
                                         150 Third Avenue South, Suite 1700
                                         Nashville, Tennessee 37201
                                         Telephone No. (615) 244-4994
                                         ccardwell@gsrm.com

Mary Taylor Gallagher (*pro hac vice forthcoming*)
Tennessee Bar No. 21482
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
mtgallagher@gsrm.com

Hilary C. Dennen (*pro hac vice forthcoming*)
Tennessee Bar No. 35983
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
hdennen@gsrm.com

**ATTORNEYS FOR DTV ARMS, LLC and KRIS PAULSON**

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.  The party or parties served are as follows:

Timothy Micah Dortch
**Potts Law Firm, LLP**
2911 Turtle Creek Blvd., Suite 1000
Dallas, Texas 75219
Telephone No. (214) 396-9427
mdortch@potts-law.com

*Attorney for Charles Kirksey and*
*U.S. Trinity Defense, LLC*

/s/ Stafford P. Brantley
Stafford P. Brantley

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **US TRINITY DEFENSE, LLC and CHARLES KIRKSEY,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | **Civil Action No. 4:22-cv-314** |
| **DTV ARMS, LLC and KRIS PAULSON,** | § § § | |
| *Defendants.* | § | |

## STATE COURT INFORMATION

Pursuant to Local Rule CV-81(c)(5), Defendants DTV Arms, LLC and Kris Paulson file this state court information for this matter.

**State Court**

467th Judicial District Court
Denton County, Texas
1450 E. McKinney, 2nd Floor
Denton, TX 76209

Dated: April 14, 2022

Respectfully submitted,

/s/ Stafford P. Brantley
Brant C. Martin
State Bar No. 24002529
brant.martin@wickphillips.com
Stafford P. Brantley
State Bar No. 24104774
stafford.brantley@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: (817) 332-7788
Facsimile: (817) 332-7789

Christopher W. Cardwell (*pro hac vice forthcoming*)
Tennessee Bar No. 19751
Illinois Bar No. 6242641
Missouri Bar No. 49583
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
ccardwell@gsrm.com

Mary Taylor Gallagher (*pro hac vice forthcoming*)
Tennessee Bar No. 21482
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
mtgallagher@gsrm.com

Hilary C. Dennen (*pro hac vice forthcoming*)
Tennessee Bar No. 35983
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
hdennen@gsrm.com

**ATTORNEYS FOR DTV ARMS, LLC and KRIS PAULSON**

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.  The party or parties served are as follows:

Timothy Micah Dortch
**Potts Law Firm, LLP**
2911 Turtle Creek Blvd., Suite 1000
Dallas, Texas 75219
Telephone No. (214) 396-9427
mdortch@potts-law.com

*Attorney for Charles Kirksey and*
*U.S. Trinity Defense, LLC*

*/s/ Stafford P. Brantley*
Stafford P. Brantley

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **US TRINITY DEFENSE, LLC and** | § | |
| **CHARLES KIRKSEY,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-314** |
| | § | |
| **DTV ARMS, LLC and KRIS PAULSON,** | § | |
| | § | |
| *Defendants*. | § | |

## JURY REQUEST INFORMATION

Pursuant to Local Rule CV-81(c)(4), Defendants DTV Arms, LLC and Kris Paulson hereby file this jury request information.

**Jury Request Information**

Plaintiffs did not request a jury in their Petition. Defendants have not yet answered the Petition, but will not request a jury.

Dated: April 14, 2022       Respectfully submitted,

                               */s/ Stafford P. Brantley*
                               Brant C. Martin
                               State Bar No. 24002529
                               brant.martin@wickphillips.com
                               Stafford P. Brantley
                               State Bar No. 24104774
                               stafford.brantley@wickphillips.com
                               **WICK PHILLIPS GOULD & MARTIN, LLP**
                               100 Throckmorton Street, Suite 1500
                               Fort Worth, Texas 76102
                               Telephone: (817) 332-7788
                               Facsimile: (817) 332-7789

Christopher W. Cardwell (*pro hac vice forthcoming*)
Tennessee Bar No. 19751
Illinois Bar No. 6242641
Missouri Bar No. 49583
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
ccardwell@gsrm.com

Mary Taylor Gallagher (*pro hac vice forthcoming*)
Tennessee Bar No. 21482
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
mtgallagher@gsrm.com

Hilary C. Dennen (*pro hac vice forthcoming*)
Tennessee Bar No. 35983
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Telephone No. (615) 244-4994
hdennen@gsrm.com

**ATTORNEYS FOR DTV ARMS, LLC and KRIS PAULSON**

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Timothy Micah Dortch
**Potts Law Firm, LLP**
2911 Turtle Creek Blvd., Suite 1000
Dallas, Texas 75219
Telephone No. (214) 396-9427
mdortch@potts-law.com

*Attorney for Charles Kirksey and*
*U.S. Trinity Defense, LLC*

*/s/ Stafford P. Brantley*
Stafford P. Brantley

# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| US TRINITY DEFENSE, LLC and CHARLES KIRKSEY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. <u>4:22-cv-314</u> |
| DTV ARMS, LLC and KRIS PAULSON, | § § § | |
| Defendants. | § | |

**<u>DECLARATION OF HILARY DENNEN</u>**

Under penalty of perjury and pursuant to 28 U.S.C. § 1746, Declarant, Hilary C. Dennen, states that:

1.      My name is Hilary C. Dennen.  I am over the age of 18 years old and am fully competent to give the testimony contained in this Declaration, all of which comes from my personal knowledge.

2.      I am an associate attorney at Gullett, Sanford, Robinson & Martin, PLLC, a law firm located in Nashville, Tennessee.

3.      I recently received second hand information that indicates, Plaintiff Charles Kirksey moved to Texas to accept employment with Defendant U.S. Trinity Defense, LLC.  After receiving this information, on March 27, 2022, I searched the real property records for Denton County, Texas for "Kirksey." (https://denton.tx.publicsearch.us/).

4.      On March 16, 2022, a special warranty deed with vendor's lien ("Deed") was filed in the County Clerk's office for Denton County, Texas transferring property to Charles S. Kirksey. Page 4 of the Deed states that Charlie S. Kirksey's address is 1141 Knightsbridge Road, Argyle, TX 76226.  Attached as **Exhibit A** is a copy of the Deed.

5.      On March 15, 2022, Charles S. Kirksey executed the Deed of Trust, attached as **Exhibit B**, which also lists his address as 1141 Knightsbridge Road, Argyle, TX, 76226. The Deed of Trust, which Tessa Linde, Charles S. Kirksey's wife, also executed, was recorded on March 16, 2022.

6.      Paragraph 6 of the Deed of Trust states that the Borrower shall occupy, establish, and use the Property as Borrower's principal resident within 60 days after the execution" of the security instrument. (**Exhibit B**, ¶ 6).

Further, this Declarant sayeth not.

I declare under penalty of perjury that the testimony in this Declaration is true and correct.

Date: April 11, 2022

_____
Hilary C. Dennen

# EXHIBIT A

**Denton County**
**Juli Luke**
County Clerk

---

Instrument Number:  39546

ERecordings-RP

WARRANTY DEED

---

Recorded On: March 16, 2022 10:48 AM                    Number of Pages: 5

---

" Examined and Charged as Follows: "

Total Recording: $42.00

---

*********** THIS PAGE IS PART OF THE INSTRUMENT ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

File Information:                                    Record and Return To:
Document Number:      39546                          Simplifile
Receipt Number:       20220316000281
Recorded Date/Time:   March 16, 2022 10:48 AM
User:                 Melissa K
Station:              Station 43

---



STATE OF TEXAS
COUNTY OF DENTON

I hereby certify that this Instrument was FILED in the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Denton County, Texas.

Juli Luke
County Clerk
Denton County, TX

# SPECIAL WARRANTY DEED WITH VENDOR'S LIEN

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

March 14, 2022

THE STATE OF TEXAS

KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF DENTON

THAT **DR Horton-Texas, LTD.,** a Texas Limited partnership, hereinafter called "Grantor" (whether one or more), for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to Grantor paid by **CHARLES S KIRKSEY, A MARRIED MAN,** hereinafter called "Grantee" (whether one or more), the receipt of which is hereby acknowledged and confessed, and the further consideration of the execution and delivery by Grantee of one certain Promissory Note in the principal sum of **($463,800.00) FOUR HUNDRED SIXTY-THREE THOUSAND EIGHT HUNDRED DOLLARS AND 00/100,** payable to the order of **Bank of England** hereinafter called "Mortgagee," bearing interest at the rate therein provided; said Note containing the usual reasonable attorney's fee clause and various acceleration of maturity clauses in case of default, and being secured by Vendor's Lien and superior title retained herein in favor of said Mortgagee, and being also secured by a Deed of Trust of even date herewith from Grantee to **Sandler Law Group, 717 N. Harwood, Suite 1600, Dallas, TX 75201,** Trustee; and

WHEREAS, Mortgagee has, at the special instance and request of Grantee, paid to Grantor a portion of the purchase price of the property hereinafter described, as evidenced by the above-described note, said Vendor's Lien and Deed of Trust lien against said property securing the payment of said Note are hereby assigned, transferred and delivered to Mortgagee, Grantor hereby conveying to said Mortgagee the said superior title to said property, subrogating said Mortgagee to all the rights and remedies of Grantor in the premises by virtue of said liens; and

Grantor has GRANTED, SOLD and CONVEYED, and by these presents does GRANT, SELL and CONVEY unto said Grantee, the following described property, to-wit:

**Lot 11, Block D, of AVALON AT ARGYLE PHASE I, an Addition to the Town of Argyle, Denton County, Texas, according to the map or plat thereof recorded in Document No. 2021-223, Plat Records of Denton County, Texas.**

OHI6P# SP-22020S423

Loan Number: 11112202635097

Initials: _[handwritten]_

Special Warranty Deed With Vendor's Lien

WD1GP1_CP

TO HAVE AND TO HOLD the above-described premises, together with all and singular, the rights and appurtenances thereunto in anywise belonging unto said Grantee, his heirs and assigns, forever. And Grantor does hereby bind himself, his heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto said Grantee, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under him, but not otherwise.

Taxes for the current year have been prorated and their payment is assumed by Grantee.

This conveyance is made subject to any and all valid and subsisting restrictions, easements, rights of way, reservations, maintenance charges together with any lien securing said maintenance charges, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the above-described property as shown by the records of the County Clerk of said County.

The use of any pronoun herein to refer to Grantor or Grantee shall be deemed a proper reference even though Grantor and/or Grantee may be an individual (either male or female), a corporation, a partnership or a group of two or more individuals, corporations and/or partnerships, and when this Deed is executed by or to a corporation, or trustee, the words "heirs, executors and administrators" or "heirs and assigns" shall, with respect to such corporation or trustee, be construed to mean "successors and assigns."

It is expressly agreed that the Vendor's lien is retained in favor of the payee of said Note against the above-described property, premises and improvements, until said Note and all interest thereon shall have been fully paid according to the terms thereof, when this deed shall become absolute.

EXECUTED this ___15th___ day of __March_____, __2022___.


DR Horton-Texas, LTD., a Texas Limited partnership


_____ 3-15-2022
(Seller)(Date)                          _____ (Seller)(Date)


_____
(Seller)(Date)                          _____ (Seller)(Date)

**STATE OF TEXAS**
County of _Tarrant_

This Instrument was acknowledged before me on _March 15, 2022_
(date)

By _Samuel S. Stephens_ , _Assistant Secretary_ of
(name of officer) (title of officer)

_MH Inc. a Delaware Corporation as_
~~DR Horton-Texas, LTD., a Texas Limited partnership~~ _authorized agent of_
(name of corporation acknowledging)

MH → _DR Horton-Texas, LTD, a Texas limited partnership_, on behalf of said ~~corporation.~~ MH
_partnership._ (state of incorporation) _limited_

Matt Hol
Notary Public

_Matt Hoaldridge_
Title of Notarial Officer

My Commission Expires: _12-10-2023_

(Seal)
MATT HOALDRIDGE
Notary ID #130465673
My Commission Expires
December 10, 2023

After Recording, Please Mail To:    Charlie S Kirksey
                                     1141 Knightsbridge Rd
                                     Argyle, TX  76226

Loan Number: 11112202635097
Special Warranty Deed With Vendor's Lien

Page 4 of 4

WD1GP1_CP

# EXHIBIT B

**Denton County**
**Juli Luke**
County Clerk

---

Instrument Number:  39547

ERecordings-RP

DEED OF TRUST

Recorded On: March 16, 2022 10:48 AM                    Number of Pages: 15

---

" Examined and Charged as Follows: "

Total Recording: $82.00

---

*********** THIS PAGE IS PART OF THE INSTRUMENT ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

File Information:                                        Record and Return To:
Document Number:    39547                                Simplifile
Receipt Number:     20220316000281
Recorded Date/Time: March 16, 2022 10:48 AM
User:               Melissa K
Station:            Station 43

---



STATE OF TEXAS
COUNTY OF DENTON
I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Denton County, Texas.
Juli Luke
County Clerk
Denton County, TX

When recorded, mall to:
Bank of England Mortgage C/O DocProbe
Attn: Final Document Department
1820 Swarthmore Avenue
P.O. Box 2129
Lakewood, NJ 08701
866-878-2265

This document was prepared by:
Sandler Law Group
717 N Harwood St Suite 1600
Dallas, TX 75201

Title Order No.: 519-220205423
Escrow No.: 519-220205423
LOAN #: 11112202635097

———————————— [Space Above This Line For Recording Data] ————————————

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## DEED OF TRUST

| MIN: 1004372-0000630678-8 |
| --- |
| MERS PHONE #: 1-888-679-6377 |

**DEFINITIONS**
Words used in multiple sections of this document are defined below and other words are defined In Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 18.
(A) "Security Instrument" means this document, which is dated     March 14, 2022,                            together with all Riders to this document.
(B) "Borrower" is   CHARLIE S KIRKSEY AND TESSA KIRKSEY, HUSBAND AND WIFE.

Borrower is the grantor under this Security Instrument.
(C) "Lender" is   Bank of England.

Lender is   a Corporation,                                                            organized and existing
under the laws of   Arkansas.
Lender's address is   5 Statehouse Plaza, #500, Little Rock, AR 72201

Lender includes any holder of the Note who is entitled to receive payments under the Note.
(D) "Trustee" is   Sandler Law Group.

TEXAS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3044 1/01   (rev. 10/17)
ICE Mortgage Technology, Inc.                                    Page 1 of 10                                    TXEDEED   1117
                                                                                                                 TXEDEED (CLS)
                                                                                                                 03/11/2022 10:49 AM PST



LOAN #: 11112202635097

Trustee's address is   717 N Harwood St Suite 1600, Dallas, TX 75201.

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated   March 14, 2022.        The Note states that Borrower owes Lender  FOUR HUNDRED SIXTY THREE THOUSAND EIGHT HUNDRED AND NO/100* * * * * * * * * *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * Dollars (U.S.  $463,800.00                )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than April 1, 2052.
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I)  "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

☐ Adjustable Rate Rider            ☐ Condominium Rider              ☐ Second Home Rider
☐ Balloon Rider                    ☒ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ Biweekly Payment Rider           ☐ V.A. Rider
☐ Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the   County

[Type of Recording Jurisdiction]

of  Denton
[Name of Recording Jurisdiction]:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS "EXHIBIT A".
APN #: 69066-770865

which currently has the address of   1141 KNIGHTSBRIDGE RD, ARGYLE,

                                                                                           [Street] [City]

Texas   76226             ("Property Address"):
          [Zip Code]

TEXAS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3044 1/01   (rev. 10/17)
ICE Mortgage Technology, Inc.                          Page 2 of 10

TXEDEED  1117
TXEDEED (CLS)
03/11/2022 10:49 AM PST

LOAN #: 11112202835097

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.
Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.
2.   Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.
If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.
Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.
3.   Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender, and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.
Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.
The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall

TEXAS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3044 1/01   (rev. 10/17)
ICE Mortgage Technology, Inc.                               Page 3 of 10
TXEDEED    1117<br>TXEDEED (CLS)<br>03/11/2022 10:49 AM PST



LOAN #: 11112202635097

apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of

TEXAS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3044 1/01   (rev. 10/17)
ICE Mortgage Technology, Inc.

Page 4 of 10

TXEDEED   1117
TXEDEED (CLS)
03/11/2022 10:49 AM PST



LOAN #: 11112202836097

the Property. Lender may use the Insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the



insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then:

TEXAS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3044 1/01   (rev. 10/17)
ICE Mortgage Technology, Inc.                             Page 6 of 10

TXEDEED   1117
TXEDEED (CLS)
03/11/2022 10:49 AM PST



LOAN #: 11112202635097

(a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

18. Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that

TEXAS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3044 1/01   (rev. 10/17)
ICE Mortgage Technology, Inc.                    Page 7 of 10

TXEDEDD   1117
TXEDEED (CLS)
03/11/2022 10:49 AM PST



LOAN #: 11112202635097

time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. For the purpose of this Section 22, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.

If Lender invokes the power of sale, Lender, its designee, or Trustee shall give notice of the date, time, place and terms of sale by posting and filing the notice as provided by Applicable Law. Lender or its designee shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law. Sale shall be public, occurring between the hours of 10 a.m. and 4 p.m. on a date and at a location permitted by Applicable Law. The time of sale must begin at the time stated in the notice of sale or not later than three hours after the stated time. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee; Trustee Liability. All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

25. Subrogation. Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

26. Partial Invalidity. In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

LOAN #: 11112202635097

27. **Purchase Money; Owelty of Partition; Renewal and Extension of Liens Against Homestead Property; Acknowledgment of Cash Advanced Against Non-Homestead Property. Check box as applicable:**

☒ **Purchase Money.**
The funds advanced to Borrower under the Note were used to pay all or part of the purchase price of the Property. The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien.

☐ **Owelty of Partition.**
The Note represents funds advanced by Lender at the special instance and request of Borrower for the purpose of acquiring the entire fee simple title to the Property and the existence of an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure the payment of the Note is expressly acknowledged, confessed and granted.

☐ **Renewal and Extension of Liens Against Homestead Property.**
The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference. Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

☐ **Acknowledgment of Cash Advanced Against Non-Homestead Property.**
The Note represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds. Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Security Instrument as a business or residential homestead. Borrower disclaims all homestead rights, interests and exemptions related to the Property.

28. **Loan Not a Home Equity Loan.** The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution. If the Property is used as Borrower's residence, then Borrower agrees that Borrower will receive no cash from the Loan evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Lender's option. Borrower agrees to execute any documentation necessary to comply with this Section 28.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____  3/15/22  (Seal)
CHARLES S KIRKSEY                      DATE

_____  3/14/22  (Seal)
TESSA KIRKSEY  TL                       DATE
Linde

TEXAS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3044 1/01   (rev. 10/17)
ICE Mortgage Technology, Inc.          Page 9 of 10          TXEDEED   1117
                                                             TXEDEED (CLS)
                                                             03/11/2022 10:49 AM PST



LOAN #: 11112202635097

State of ~~TEXAS~~ VL TN                                County of Davidson

Before me, _Virgil Riley_____, on this day personally appeared
~~CHARLES S KIRKSEY AND TESSA KIRKSEY~~, known to me (or proved to me on the oath of _____
or through _____VL_____) to be the person whose name is subscribed to the foregoing instrument and
acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _14th_ day of _March_, 2022.

_____
(Notary Public Signature)

Lender: Bank of England
NMLS ID: 418481
Loan Originator: Christopher Harding
NMLS ID: 1267827

(VIRGIL RILEY / STATE OF TENNESSEE NOTARY PUBLIC / DAVIDSON COUNTY / MY COMMISSION EXPIRES 10-2-2023)

TEXAS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3044 1/01   (rev. 10/17)
ICE Mortgage Technology, Inc.                Page 10 of 10                TXEDEED   1117
                                                                          TXEDEED (CLS)
                                                                          03/11/2022 10:49 AM PST



**BUYER:**

Charles S Kirksey

STATE OF TEXAS

COUNTY OF TARRANT

On this 15 day of March, 2022 before me, the undersigned, a Notary Public, personally appeared Charles S Kirksey, who acknowledged themselves to be the person(s) who signed the foregoing instrument for the purposes therein contained.

Notary Public, State of Texas
My Commission Expires: 11-17-24

(SEAL)

MICHELLE SCOTT
Notary Public
STATE OF TEXAS
Notary I.D. 12672505-1
My Comm. Exp. Nov. 17, 2024

ESCROW NO.:  519-220205423

**EXHIBIT A**

Lot 11, Block D, of AVALON AT ARGYLE PHASE I,  an Addition to the Town of Argyle, Denton County, Texas, according to the map or plat thereof recorded in Document No. 2021-223, Plat Records of Denton County, Texas.

LOAN #: 1111220263597
MIN: 1004372-0000630678-8

## PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **14th** day of **March, 2022** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to **Bank of England, a Corporation**

(the "Lender")
of the same date and covering the Property described in the Security Instrument and located at: **1141 KNIGHTSBRIDGE RD, ARGYLE, TX 76226.**

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in **COVENANTS, CONDITIONS AND RESTRICTIONS.**

(the "Declaration").
The Property is a part of a planned unit development known as **Avalon at Argyle, Phase 1**
(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to ensure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

MULTISTATE PUD RIDER--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3150 1/01
ICE Mortgage Technology, Inc.                    Page 1 of 2                    F3150RDU   0115
F3150RLU (CLS)
03/11/2022 10:49 AM PST



LOAN #: 11112202835097

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____   3/15/22 (Seal)
CHARLES S KIRKSEY                        DATE

_____   3/14/22 (Seal)
TESSA KIRKSEY TL                        DATE

MULTISTATE PUD RIDER--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3150 1/01
ICE Mortgage Technology, Inc.        Page 2 of 2        F3150RDU  0115
F3150RLU (CLS)
03/11/2022 10:49 AM PST



# A Motion to File Exhibit 10 Under Seal is Forthcoming.