IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| U.S. TRINITY DEFENSE, LLC and CHARLES KIRKSEY, § § § § § § Plaintiffs, § § v. § Case No. 4:22-cv-314-JDK § DTV ARMS, LLC and KRIS § PAULSON, § § Defendants. § § | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants DTV Arms, LLC and Kris Paulson's motion for partial dismissal of Plaintiffs U.S. Trinity Defense and Charles Kirksey's Second Amended Complaint. Docket No. 62. Defendants move to dismiss all counts against Defendant Kris Paulson and all but Count I against Defendant DTV Arms. For the reasons explained below, the Court **DENIES** the motion.

I.

The Court recites the facts alleged in the complaint without expressing an opinion as to their veracity. *Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013) (on a motion to dismiss the court may assume "that all the allegations in the complaint are true (even if doubtful in fact)." (quoting *Bass v. Stryker Corp.,* 669 F.3d 501, 506 (5th Cir.2012))).

Paulson is the manager and majority owner of DTV Arms, a Tennessee firearms manufacturer. Docket No. 42 ¶ 8. Before the incidents that led to this

1

lawsuit, Kirksey was also a member of DTV Arms. *Id.* As a member, Kirksey was bound by DTV Arms' Operating Agreement, which includes a non-competition clause that remains in effect for two years after separation from DTV Arms. *Id.* ¶ 9. Kirksey worked for DTV Arms for several years, but was not paid a salary, and eventually sought other employment. *Id.* ¶ 11.

Kirksey found employment with U.S. Trinity Defense, LLC, a Texas company managed by Jim Haltom. *Id.* ¶¶ 10, 11. In January 2022, Paulson told Haltom that Paulson would release Kirksey from the DTV Arms' Operating Agreement's non-competition clause if Kirksey would relinquish his DTV Arms ownership interest to Paulson. *Id.* ¶ 12. Paulson also told Kirksey that he did not oppose Kirksey's employment with U.S. Trinity. *Id.* ¶ 13. In early February 2022, Kirksey sold his membership interest in DTV Arms to Paulson through a Membership Purchase Agreement ("MPA"). *Id.* ¶ 14.

During the negotiations over the terms of the MPA, Paulson told Kirksey several times that the MPA waived the non-competition agreement. *Id.* ¶ 15. Paulson specifically pointed Kirksey to a section in the MPA titled "Waiver of Non-Competition; Non-Solicitation." *Id.* And Paulson discussed a potential commission structure for Kirksey if Kirksey convinced U.S. Trinity to buy weapon parts from DTV Arms. *Id.* ¶ 17. Kirksey signed the MPA based on these assurances. *Id.* ¶ 16. Now, Defendants seek to enforce the non-competition agreement, resulting in this lawsuit.

Plaintiffs' complaint brings five causes of action against Defendants:

- Count I: Plaintiffs Kirksey and U.S. Trinity assert breach of an oral contract against Defendants Paulson and DTV Arms. *Id.* ¶¶ 20–27.

- Count II: Plaintiff Kirksey asserts breach of the MPA against Defendant Paulson. *Id.* ¶¶ 30–35.

- Count III: Plaintiff Kirksey seeks a declaratory judgment against Defendants Paulson and DTV Arms that Kirksey's non-competition agreement is unenforceable. *Id.* ¶¶ 36–39.

- Count IV: Plaintiffs Kirksey and U.S. Trinity assert fraud in the inducement against Defendant Paulson and DTV Arms. *Id.* ¶¶ 40–49.

- Count V: Plaintiffs Kirksey and U.S. Trinity assert promissory estoppel against Defendants Paulson and DTV Arms. *Id.* ¶¶ 50–52.

Defendants seek to dismiss all claims against Paulson and all claims but Count I against DTV Arms for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 62.

## II.

Generally, a complaint in federal court must plead "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Courts must accept "all well-pleaded facts in the complaint as true and view[] [them] in the light most favorable to the plaintiff." *Raj*, 714 F.3d at 330. A court may not use Rule 12(b)(6) to dismiss

3

a claim unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." *Muhammad v. Dall. Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

Where a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) requires the plaintiff to state "with particularity the circumstances constituting fraud." "To satisfy Rule 9(b)'s pleading requirements, the plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Sols. Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

### III.

The Court addresses each cause of action in turn.

### A.

Plaintiffs' first cause of action alleges that Defendants Paulson and DTV Arms breached an oral contract concerning enforcement of the non-competition agreement. Docket No. 42 ¶¶ 20–29. Defendants argue that Count I fails to state a claim as to Defendant Paulson because the complaint does not sufficiently allege that a non-competition agreement actually existed between Kirksey and Paulson. Docket No. 62 at 7–8. Rather, Defendants assert that Kirksey's only non-compete obligations were to DTV Arms.

Defendants' argument is misplaced. As Defendants explain, the elements of a breach of contract claim are generally: (1) the existence of a contract; (2) breach of that contract by defendant; and (3) damages caused by that breach. Docket No. 62 at 7 (citing both Tennessee and Texas law). Here, Plaintiffs' second amended complaint alleges that Paulson—acting on behalf of himself and DTV Arms—made an oral agreement with Kirksey and U.S. Trinity (through its principal Haltom). Specifically, Paulson agreed that he and DTV Arms would release Kirksey from the non-competition clause of the DTV Operating Agreement if Kirksey sold his 39% interest in DTV Arms to Paulson. Docket No. 42 ¶ 12. Kirksey performed his obligation under the contract—he sold his membership interest in DTV Arms to Paulson through the MPA. *Id.* ¶¶ 17–18. Plaintiffs allege that Paulson and DTV Arms breached the contract by attempting to enforce the non-competition clause. *Id.* ¶¶ 19, 23, 27. Plaintiffs allege damages caused by the alleged breach. *Id.* ¶ 29.

Taking Plaintiffs' allegations as true, the Court concludes that the complaint adequately states a claim for breach of contract against Paulson. Accordingly, Defendants' motion to dismiss Count I is **DENIED**.

## B.

In the second cause of action, Plaintiff Kirksey alleges that Defendant Paulson breached the MPA between Kirksey and Paulson. Docket No. 42 ¶¶ 30–35. Defendants argue that Plaintiffs fail to state a claim because Plaintiffs fail to allege non-performance and because no non-competition agreement existed between Paulson and Kirksey. Docket No. 62 at 8–9.

Again, Plaintiffs' complaint alleges the existence of a valid contract between Kirksey and Paulson, the MPA.  Docket No. 42 ¶ 31.  The complaint alleges that Paulson breached that agreement by attempting to enforce the DTV Operating Agreement's non-competition clause and that Kirksey has suffered damages from the breach.  *Id.* ¶¶ 33–35.  Thus, Plaintiff Kirksey has sufficiently alleged a breach of contract claim.  Whether Paulson and Kirksey are proper parties to the MPA is a factual dispute that is not properly decided on a motion to dismiss.  *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012) (courts "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff" on a motion to dismiss).

Defendants also argue that Count II seeks to enforce an "integration clause," which Defendants assert "precludes a party from relying upon any alleged representations made prior to the execution of the contract containing the integration clause in interpreting that contract."  *Id.* at 9 (citing *Exxon Mobil Corp. v. Thomas*, 2006 WL 3511141, at *4 (E.D. Tenn. Dec. 4, 2006)).  But the alleged "integration clause" is not properly before the Court at this time, as the MPA was not attached to the complaint or to Defendants' motion to dismiss.  *Tier REIT, Inc. v. Uvest Fin. Servs. Grp.*, 2016 WL 4039163, at *4 (N.D. Tex. July 28, 2016) ("In ruling on a motion to dismiss . . . the Court Generally cannot look beyond the pleadings . . include[ing] the complaint and any documents attached to it.  If documents are referred to in the . . . complaint and are central to the . . . claims, but not attached, a defendant can attach them . . . ."); *see also* Docket Nos. 62, 71 (not attaching the MPA).

6

Again taking Plaintiffs' allegations as true, the Court concludes that Plaintiffs have stated a claim for breach of contract against Paulson as to the MPA. Accordingly, Defendants' motion to dismiss Count II is **DENIED**.

### C.

Defendants argue that Count III—Plaintiff Kirksey's declaratory-judgment claim against Defendants Paulson and DTV Arms alleging that Kirksey's non-competition agreement is unenforceable—is duplicative of their counterclaim and should therefore be dismissed. Courts regularly reject "declaratory judgment claims seeking the resolution of issues that will be resolved as part of the plaintiff's affirmative claims[,] . . . ." or if "what a counterclaim requests is the opposite of the affirmative causes of the action pleaded." *Elepreneurs Holdings, LLC v. Benson*, 2021 WL 5140769, at *3 (E.D. Tex. Nov. 4, 2021) (quotation marks omitted) (internal citations omitted).

But here, Defendants are seeking to dismiss one of Plaintiff Kirksey's original claims because of Defendants' duplicative counterclaim. Defendants do not cite, and the Court has not found, any case where a plaintiff's original claim was dismissed based on a duplicative counterclaim by a defendant. Further, there is no prejudice to allowing the claim to go forward because, as Defendants explain, the merits of this dispute will be resolved as to both Plaintiff Kirksey's declaratory judgment claim and Defendants' counterclaim concerning the non-competition agreement. The Court therefore **DENIES** Defendants' motion to dismiss Count III.

**D.**

Defendants next ask the Court to dismiss Count IV—fraud in the inducement. Fraud in the inducement requires that the defendant (1) made a false statement concerning a material fact of a transaction, (2) with knowledge of falsity or utter disregard for the truth, (3) with the intent of inducing reliance, (4) the statement was reasonably relied upon, and (5) injury resulted from that reliance. *Baugh v. Novak*, 340 S.W.3d 372, 388 (Tenn. 2011); *see also Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011).[1]

Defendants argue that Plaintiffs' complaint is unclear on this count because it alleges Defendants' fraud induced Kirksey into entering "the above referenced contract." Docket No. 62 at 12. But the complaint alleges breach of a written contract—the MPA—and an oral contract, which concerned negotiations over the MPA. Thus, the complaint alleges that Defendants induced Plaintiffs into entering one, or both, of those contracts fraudulently.

The complaint also properly alleges the who, what, when, and where of fraudulent inducement. *Shandong Yinguang Chem. Indus. Joint Stock Co.*, 607 F.3d at 1032. Plaintiffs identify the allegedly fraudulent statements that Paulson (acting on behalf of himself and DTV Arms) made—that Paulson and DTV Arms would not enforce the non-competition agreement if Kirksey sold his shares in DTV Arms. Docket No. 42 ¶ 12, 15, 42. Paulson allegedly made these statements over the phone

---

[1] The parties do not definitively argue whether Texas or Tennessee law should apply to this claim. *See* Docket No. 62 at 11–12; Docket No. 64 at 16 (both parties citing and arguing both Texas and Tennessee law). The Court need not decide which substantive law applies because the motion to dismiss Count IV fails under both Texas's and Tennessee's substantive law.

8

near the end of January 2022 and the beginning of February 2022. *Id.* ¶¶ 12–13. Plaintiffs allege that Paulson lied about not enforcing the non-competition agreement. *Id.* ¶ 16. Moreover, Kirksey claims Paulson's assurances about the non-competition agreement were a significant reason he agreed to relinquish his shares in DTV Arms. *Id.* And the complaint alleges that Paulson had the requisite intent. *Id.* ¶¶ 43, 47; *Scott*, 29 F.R.D. at 260 ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally." (quoting Fed. R. Civ. P. 9(b)).

Because Plaintiffs' complaint has sufficiently alleged fraud in the inducement against Defendants Paulson and DTV Arms, the Court **DENIES** Defendants' motion to dismiss Count IV.

### E.

Finally, Defendants argue that Count V—Plaintiffs Kirksey and U.S. Trinity's promissory estoppel claim against Defendants Paulson and DTV Arms—should be dismissed because the complaint fails to plead fraud with particularity and does not allege necessary facts for such a claim. The Court disagrees.

Promissory estoppel requires (1) a promise, (2) that the promise be reasonably relied upon and not be overly vague, and (3) reasonable reliance upon the promise to Plaintiffs' detriment. *Jones v. BAC Home Loans Servicing, LP*, 2017 WL 2972218, at *9 (Tenn. Ct. App. July 12, 2017); *Johnson v. Federal Nat'l Mortg. Ass'n*, 2013 WL 2286073, at *3 (Tex. App.—Tyler May 22, 2013, no pet.). The complaint meets these standards. As previously stated, the complaint alleges that in early January and late February, Paulson—acting on behalf of himself and DTV Arms—promised Plaintiffs

9

he would not enforce the non-competition agreement in the MPA in exchange for Kirksey selling his shares in DTV Arms. Docket No. 42 ¶¶ 12–13, 15. Plaintiffs allege that they relied on these promises to their detriment (Kirksey selling his shares in DTV Arms and U.S. Trinity hiring an employee that could be barred from working based on other contractual obligations).

Because Plaintiffs' complaint has sufficiently alleged promissory estoppel against Defendants Paulson and DTV Arms, the Court **DENIES** Defendants' motion to dismiss Count V.

\*   \*   \*

As explained above, the Court finds that Plaintiffs sufficiently stated a claim for each of the counts Defendants seek to dismiss. Accordingly, the Court **DENIES** Defendants' motion to dismiss (Docket No. 62).

So **ORDERED** and **SIGNED** this **19th** day of **January, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE